IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kristy Staten, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  1:23-cv-0235 ) |
| Aldous & Associates, PLLC, a Utah professional limited liability company, | ) ) ) |
| Defendant. | ) Jury Demanded |

**COMPLAINT**

Plaintiff, Kristy Staten, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Kristy Staten ("Staten"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to VASA Fitness.

4. Defendant, Aldous & Associates, PLLC ("Aldous"), a Utah professional limited liability company, is a law firm and collection agency that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the

1

telephone and/or credit reporting to collect, or attempt to collect, defaulted consumer debts that it did not originate. Aldous operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant Aldous was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

6. Defendant Aldous is not authorized to conduct business, or licensed as a collection agency in Indiana. Nonetheless, Defendant conducts business in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including a consumer debt she allegedly owed to VASA Fitness. Defendant Aldous attempted to collect this debt from her via negative credit reporting.

8. Unsure about Defendant Aldous, and unsure about the debt, Ms. Staten wrote to Defendant Aldous, via letters dated September 13, 2022, and September 15, 2022, to notify it that she was represented by counsel, and that she disputed any debt that Aldous was trying to collect. Copies of these letters are attached as Group Exhibit A.

9. These letters were sent via U.S. First Class Mail, postage pre-paid, to the mailing address used by Defendant, and were not returned by the Post Office as undeliverable.

10. On January 31, 2023, Ms. Staten obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant Aldous had continued to report

the debt she allegedly owed to VASA Fitness, but had failed to note that the debt was disputed. The pertinent part of Ms. Staten's TransUnion credit report is attached as Exhibit B.

11. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report, harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

12. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that disputed debts are disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

13. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Staten, and negatively impacted her credit score.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect debts, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 at 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

4

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to the credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect debts, in violation of § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kristy Staten, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Staten, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kristy Staten, demands trial by jury.

Kristy Staten,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 7, 2022

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com